**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0046-16T4

ROSE D. CIMIGLIA,

    Plaintiff-Respondent,

v.

GARY M. SPECHT,

    Defendant-Appellant.

_____

Submitted March 13, 2018 — Decided June 18, 2018

Before Judges Mawla and DeAlmeida.

On appeal from Superior Court of New Jersey,
Chancery Division, Family Part, Middlesex
County, Docket No. FD-12-1398-15.

Antonio J. Toto, attorney for appellant.

Rose D. Cimiglia, respondent pro se.

PER CURIAM

    Defendant appeals from a trial court order denying his motion
to terminate child support. We affirm.

    We derive the following facts from the record. In 2003,
plaintiff and defendant were in a romantic relationship that
produced a son. It is uncontested that defendant did not have

contact with, or provide support for, his son for approximately twelve years.

In 2015, plaintiff applied for government financial assistance for herself and her son. As a condition for receiving benefits, plaintiff was required to seek child support from her son's father. Plaintiff named defendant as the child's father in an application for child support filed in the Family Part.

Defendant, who was represented by counsel, responded to the application. Defendant did not seek custody, parenting time, or any other relief from the court. A court-ordered DNA test confirmed paternity. As a result, on August 31, 2015, the court entered an order, which established defendant's weekly child support obligation. Defendant appealed neither the finding of paternity nor the child support order.

On April 28, 2016, approximately eight months later, defendant moved to terminate his child support obligation. Defendant did not deny paternity in his certification in support of the motion. Instead, defendant alleged he was not aware that he was the father of the child. Plaintiff contested defendant's claim, and argued he knew she had given birth to his son, but acquiesced in her naming a man with whom she was romantically involved at the time as the child's father on the birth certificate. Defendant further argued he should not be compelled

to support his son because plaintiff does not allow him to contact the child, and he does not have parenting time.

The trial court denied defendant's motion. The court found that defendant had been represented by counsel during the 2015 child support proceeding, did not appeal from the child support order, and made no argument that a change in circumstances occurred since entry of the August 31, 2015 order justifying the modification of child support. The court's decision was memorialized in a July 20, 2016 order.

This appeal followed.

On appeal, defendant argues that the trial court should have held a hearing to determine his child support obligation because the man named on the child's birth certificate may have supported the child in prior years. Defendant does not allege a change in circumstances since entry of the August 31, 2015 order, or explain his failure to appeal that order.

Having considered defendant's arguments in light of the record and applicable legal standards, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0046-16T4